GRIFFIS, JUSTICE, DISSENTING:
 

 ¶21. This case turns on the interpretation of the phrase "within the sixty-day notice period." The majority reads this language as "tethered to the effective date of termination, not the date the dealer receives notice." (Maj. Op. ¶ 17). I disagree.
 

 ¶22. Two provisions of Mississippi Code Section 63-17-73(1)(d)(iii) govern this case. First, Section 63-17-73(1)(d)(iii) requires that a manufacturer give a dealer notice of termination "at least sixty (60) days before the effective date thereof ...."
 
 Miss. Code Ann. § 63-17-73
 
 (1)(d)(iii) (Supp. 2018). Nissan notified Great River in writing of its intent to terminate the dealer agreement at least sixty days before the effective date of the termination and sent a copy of the notice to the Commission. Nissan stated the specific grounds for such termination. Nissan complied with the notice requirement of the Section 63-17-73(1)(d)(iii).
 

 ¶23. Second, Great River's receipt of the notice to terminate gave Great River a statutory right to challenge the termination. Section 63-17-73(1)(d)(iii) reads,
 

 Any motor vehicle dealer who receives written notice that his franchise ... is being terminated ... [Great River], may,
 
 within the sixty-day notice period
 
 , file with the commission a verified complaint for its determination as to whether the termination ... is unfair within the purview of the Mississippi Motor Vehicle Commission Law, and
 
 the franchise agreement shall continue in effect until final determination of the issues raised in the complaint
 
 notwithstanding anything to the contrary contained in the law or in the franchise or selling agreement.
 

 Id.
 

 (emphasis added). The question here is how do we interpret (i.e., calculate) the phrase "within the sixty-day notice period."
 

 ¶24. In my opinion, we must consider the language used in construing what is meant by "sixty-day notice period." It clearly contemplates "notice." The first part of Section 63-17-73(1)(d)(iii) quoted above requires a manufacturer to give a dealer notice of termination "at least sixty (60) days before the effective date of the termination." This clearly contemplates that a dealer may give more than sixty days' notice, as Nissan did here. More importantly, the operative event is the giving of "written notice," which starts the count down before the finality of the termination.
 

 ¶25. The second part of Section 63-17-73(1)(d)(iii) quoted above established the period within which the challenge must be filed. Great River "may, within the sixty-day notice period, file with the commission a verified complaint." Great River's statutory right to challenge the termination accrued and began to run when notice was given. Just as we interpret a limitations period, it is the notice that set in motion the right to challenge.
 

 ¶26. Section 63-17-73(1)(d)(iii) created a statutory dispute-resolution procedure that Great River may initiate upon the receipt of notice of Nissan's intent to terminate.
 
 [2]
 
 During the pendency of the dispute, the
 statute mandates that "the franchise agreement shall continue in effect until final determination of the issues raised in the complaint ...."
 

 Id.
 

 In my opinion, this contemplates a timely resolution of the dispute.
 

 ¶27. The majority's reasoning would defeat the timely resolution of the dispute; instead, it would encourage unfair manipulation and unreasonable delay. For example, under the majority's interpretation, a dealer who disputes the termination could, and should, wait until the day before the intended termination to file the complaint and automatically extend the dealer agreement. A commercially reasonable interpretation would require the parties to challenge the termination as soon as possible and to allow the Commission adequate time to resolve the dispute so that, if it is proper, the termination may be effective on the intended date of termination.
 

 ¶28. Consider a scenario in which Nissan had provided twelve months' notice of termination. Under the majority's interpretation, Great River would have to wait until the eleventh month to file the complaint with the Commission, or it could file the day before the effective date. Great River would then be able to extend the contract without reason. The majority's interpretation would essentially ensure that the dispute was not resolved in a timely or commercially reasonable manner. Under my interpretation, Great River would have sixty days from the date of notice, leaving the Commission a minimum of ten months to consider whether the termination was fair under the law.
 

 ¶29. I am of the opinion that the Commission properly determined that Great River's right to file a complaint accrued upon its receipt of the notice of termination and that Great River's deadline to file a complaint ran sixty days from that date. Accordingly, I would reverse the chancellor's judgment and reinstate the Commission's decision. Therefore, I respectfully dissent.
 

 MAXWELL, J., JOINS THIS OPINION.
 

 There is no dispute that Nissan had the right to terminate the Dealer Agreement. The only question to be resolved by the Commission is "whether the termination ... is unfair within the purview of the Mississippi Motor Vehicle Commission Law."
 
 Miss. Code Ann. § 63-17-73
 
 (1)(d)(iii).